Case No. 21-134



# Service of Process Transmittal

07/01/2021
CT Log Number 539835142

| | |
|---|---|
| **TO:** | Bryan H. Zair, Senior Vice President & General Counsel<br>Sasser Family Holdings, Inc.<br>425 N. Martingale Road, 8th Floor<br>Schaumburg, IL 60173 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Union Leasing, Inc.  (Domestic State: IL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | BLACKLINE ENERGY SERVICES LLC, pltf. vs. UNION LEASING, INC., etc., Dft. |
| DOCUMENT(S) SERVED: | -- |
| COURT/AGENCY: | None Specified<br>Case # CV57638 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Chicago, IL |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 07/01/2021 postmarked on 06/17/2021 |
| JURISDICTION SERVED : | Illinois |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780133691267<br><br>Image SOP<br><br>Email Notification,  Bryan H. Zair  bryan.zair@sfhsinc.com<br><br>Email Notification,  MIKE PERLOWSKI  mperlowski@mayerbrown.com |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-705-2500<br>CentralTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / JR

**EXHIBIT A**

||..||.|||.||..|||..|.||..||.||...|||.|.|||.|.|||||

SERVICE

neopost
06/17/2021
US POSTAGE $006.26⁰

FIRST-CLASS MAIL

ZIP 78701
041L12204064

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0131 1167

**Return Receipt (Electronic)**

2021329088-1

Union Leasing Inc dba Express 4x4 Truck Rental
208 So Lasalle St Ste 814
Chicago, IL 60604

---

CUT / FOLD HERE

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
Dial 7-1-1 For Relay Services
www.sos.texas.gov

## Jose A. Esparza
### Deputy Secretary of State

June 17, 2021

Union Leasing Inc dba Express 4x4 Truck Rental
208 So Lasalle St Ste 814
Chicago, IL 60604

2021-329088-1

Include reference number in all correspondence

RE: Blackline Energy Services LLC VS Union Leasing Inc dba Express 4x4 Truck Rental
441st District Court Of Midland County, Texas
Cause No. CV57638

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of the process received by the Secretary of State of the State of Texas on June 7, 2021.

CERTIFIED MAIL #71901046470101311167

Refer correspondence to:

H. Brandon Jones
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, TX 76102

Sincerely,

Service of Process
Government Filings
512-463-1662
GF/mr
Enclosure

CITATION

**CLERK OF THE COURT**
Alex Archuleta
District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**ATTORNEY REQUESTING SERVICE**
H BRANDON JONES
420 THROCKMORTON STE 1000

FT WORTH, TEXAS 76102

**THE STATE OF TEXAS**

NOTICE TO UNION LEASING, INC. DBA EXPRESS 4X4 TRUCK RENTAL:

"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TexasLawHelp.org."

TO: UNION LEASING, INC. DBA EXPRESS 4X4 TRUCK RENTAL

GREETINGS: You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the 441ST DISTRICT COURT of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: May 26th, 2021

The file number of said suit being: CV57638.

The style of the case is:

BLACKLINE ENERGY SERVICES LLC
v.
UNION LEASING, INC. DBA EXPRESS 4X4 TRUCK RENTAL

A copy of PLAINTIFF'S ORIGINAL PETITION accompanies this citation.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Midland, Texas, on June 7th, 2021.

ALEX ARCHULETA
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

329088   By: _____, Deputy
ROXANA GALINDO

## OFFICER'S RETURN

CV57638     441ST DISTRICT COURT

BLACKLINE ENERGY SERVICES LLC
v.
UNION LEASING, INC. DBA EXPRESS 4X4 TRUCK RENTAL

ADDRESS FOR SERVICE:
TEXAS SECRETATY OF STATE
JAMES E. RUDDER BLDG
1019 BRAZOS, ROOM 105
AUSTIN, TEXAS 78701

AS AGENT FOR UNION LEASING INC. D/B/A EXPRESS 4X4 THRUCK RENTAL
208 SO. LASALLE ST STE 814
CHICAGO, IL 60604

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION**, with the date of delivery endorsed thereon, at the following time and places,
to-wit:

Name                                Date/Time                Place/Location

NOT EXECUTED FOR THE FOLLOWING REASON: _____

The diligence used in finding said defendant being:_____

and the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendant being:_____

_____, Sheriff

FEES FOR SERVICE $_____              _____, County, Texas
  (Of Citation)
                                                  By: _____, Deputy

STATE OF TEXAS
COUNTY OF MIDLAND

### VERIFICATION

BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.

Given under my hand and seal of office this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT**.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address
                (First, Middle, Last)
Is _____.
   (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____ 20_____.

_____                 _____
Declarant/Authorized Process Server          (Id # & expiration of certification)

Midland County - 441st District Court

CAUSE NO. CV57638

Filed 5/26/2021 3:28 PM
Alex Archuleta
District Clerk
Midland County, Texas
/s/ Roxanna Galindo

| | | |
|---|---|---|
| BLACKLINE ENERGY SERVICES LLC | § § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| v. | § § § | |
| UNION LEASING, INC. DBA EXPRESS 4X4 TRUCK RENTAL; | § § § § | ___TH JUDICIAL DISTRICT |
| *Defendant*. | § | MIDLAND COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Blackline Energy Services LLC, Plaintiff, and files this, its Original Petition and complains of Union Leasing, Inc. dba Express 4X4 Truck Rental as Defendant and in support thereof, would respectfully show the Court as follows:

## I.
## SUMMARY OF ALLEGATIONS

1.01  Union Leasing, Inc. dba Express 4X4 Truck Rental ("Express") is in the business of leasing trucks to oil and gas industry service providers in and around the Permian Basin region. Express claims that in October of 2019 Blackline Oilfield Services, LLC[1] executed a Master Rental Agreement with Express to lease trucks (the "2019 MRA"). The 2019 MRA allegedly covers only trucks leased from Express subsequent to the 2019 MRA.

1.02  In early 2020, Express commenced making demand that Blackline Energy Services, LLC ("Blackline") pay approximately $500,000 for alleged damage to trucks leased by Express

---

[1] Blackline Energy Services, LLC did business as Blackline Oilfield Services, LLC from August of 2015 until March of 2017.

PLAINTIFF'S ORIGINAL PETITION                                                                                                   PAGE 1

prior to the 2019 MRA; such damage claims were invoiced to KWT Water Services, LLC (the "Vehicle Claim Invoices"). Blackline requested backup information and documentation regarding and supporting the Vehicle Claim Invoices that Express claimed Blackline owed. Express refused to provide the backup documentation requested and has now threatened to file suit against Blackline. Therefore, Blackline requests a declaration that it does not owe Express any debt, including under the Vehicle Claim Invoices that Express issued to KWT Water Services, LLC.

## II.
## PARTIES

2.01 Plaintiff, Blackline Energy Services LLC, is a Texas limited liability company whose principal place of business is located in Midland County, Texas.

2.02 Defendant Union Leasing, Inc. is an Illinois corporation that engages in business in Texas, is not authorized by the state of Texas to conduct business in Texas, does not maintain a regular place of business in Texas, and does not maintain a registered agent in and for the State of Texas. As such, Union Leasing, Inc. may be served with process by serving the Texas Secretary of State under Tex. Civ. Prac. Rem. Code 17.044 and have the Texas Secretary of State serve Union Leasing, Inc.'s Illinois registered agent, CT Corporation System, 208 So. Lasalle St., Suite 814; Chicago, Il. 60604. Service on the Texas Secretary of State will be accomplished by a private process server.

## III.
## JURISDICTION AND VENUE

3.01 The Court has subject-matter jurisdiction over this lawsuit because the amount in controversy is within the jurisdictional limits of this Court.

3.02 Venue is proper in Midland County, Texas pursuant to Texas Civil Practices & Remedies Code, §15.002(a)(1) or (a)(4), as any debt that Express claims to have accrued against Blackline could have only occurred in Midland County, Texas as Blackline's principal place of

business is in Midland County, Texas. In the alternative, if all or a substantial part of the events or omissions giving rise to the claims asserted by Blackline herein did not occur in Midland County, Texas, then Express is not a natural person and does not maintain a principal office in Texas and Blackline's principal office is located in Midland County, Texas.

## IV.
## DISCOVERY

4.01 Plaintiff requests that discovery in this action be conducted under a Level 2 in accordance with Rule 190.3 of the Texas Rule of Civil Procedure. Plaintiff affirmatively pleads that this suit is not governed by the expedited actions process of Rule 169 of the Texas Rules of Civil Procedure, as at least $500,000 may be at issue.

## V.
## CLAIM FOR RELIEF

5.01 Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000 pursuant to Rule 47(c)(4) of the Texas Rules of Civil Procedure as Plaintiff seeks a declaration that an approximate debt of $500,000 is not owed by it.

## VI.
## FACTUAL BACKGROUND

6.01 Blackline is a well-known and respected industrial construction company, servicing primarily midstream and upstream energy companies. Blackline specializes in pipeline and facility construction, as well as industrial fabrication.

6.02 Express is in the business of leasing trucks, namely pickup trucks, to industrial businesses. Specifically, Express leases pickup trucks to oil field service companies in and around the Permian Basin region.

6.02 Express claims that in October of 2019 Blackline executed the MRA. However, the signatory on such Master Rental Agreement is Blackline Oilfield Services, LLC – Blackline

had not operated as or conducted business as Blackline Oilfield Services, LLC since March of 2017. Never the less, Blackline did lease trucks from Express in subsequent to the 2019 MRA; however, the Vehicle Claim Invoices are for trucks allegedly leased by Express prior to the 2019 MRA.

6.03  In late 2019 or early 2020, Express commenced demanding that Blackline pay it hundreds of thousands of dollars for claimed damages to trucks returned to Express. Specifically, Express demanded that Blackline pay Vehicle Claim Invoices issued to KWT Water Services, LLC[2] for trucks rented from 2017 through early 2019 - prior to the 2019 MRA. Upon inquiry by Blackline, Express claimed that each Vehicle Claim Invoice was for a truck leased by Blackline pursuant to a separate Truck Rental Agreement for each truck and pursuant to a Master Rental Agreement. Blackline requested that Express provide it with each Truck Rental Agreement for each truck that is subject to the Vehicle Claim Invoices that Express was seeking to collect and provide a copy of the Master Rental Agreement governing same. Express provided a copy of the 2019 MRA and refused to provide the other documents requested.

6.04  After Express commenced making demand on the Vehicle Claim Invoices, Blackline reviewed the Vehicle Claim Invoices provided by Express and questioned the validity of the claimed charges. Each of the Vehicle Claim Invoices are for oil field service trucks that were, according to Express, on lease for well in excess of a year, often multiple years. Based on the Vehicle Claim Invoices under which Express claims it is owed and the type of truck and industry that Express was leasing into, Express is seeking to charge KWT Water Services, LLC or Blackline for claimed damages that are ordinary wear and tear for an oil field services truck.

---

[2] KWT Water Services, LLC was a trade or business name of Blackline. However, such name ceased being used and Blackline ceased operating its business under that name in 2015.

Moreover, the amounts that Express is seeking to charge for claimed repairs or replacements in the Vehicle Claim Invoices are often more than twice the amount of the actual repair or replacement cost. Indeed, upon information and belief, the repair work listed on each Vehicle Claim Invoice was not completed or conducted. Given such concerns, Blackline also requested that Express provide to it: (i) all back up documentation setting forth the inspection of each truck that is the subject of a Vehicle Claim Invoice; (ii) all back up documentation (including pictures) setting forth any damage to each truck that is the subject of a Vehicle Claim Invoice; (iii) all back up documentation setting forth any maintenance that Express deemed to be required for each truck that is the subject of a Vehicle Claim Invoice; (iv) all back up documents setting forth the repair or maintenance work performed by Express, on behalf of Express, or at the request of Express for each truck that is the subject of a Vehicle Claim Invoice; and (v) all payments made to third parties by Express and/or expenses incurred by Express for the repair or maintenance of each truck that is the subject of a Vehicle Claim Invoice. Express refused to provide the requested information and, instead, threaten to file suit against Blackline.

## VII.
## CAUSES OF ACTION

### COUNT ONE
**Declaration that Blackline does not owe and is not liable to Express under the Vehicle Claim Invoices addressed to KWT Water Services, LLC**

7.01 Blackline hereby incorporates by reference all previous and subsequent paragraphs as if set forth in full.

7.02 Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Blackline requests that this Court enter a judgement declaring that it does not owe and is not liable to Express under the Vehicle Claim Invoices for any and all claims derived from trucks leased by Express prior to October 2019. Specifically, Express claims that it has multiple Truck Rental Agreements with Blackline for trucks leased prior to October 2019 and a corresponding Master Rental Agreement. And that such agreements form the legal basis for the Vehicle Claim Invoices for which Express claims it is owed. Blackline disputes that it owes anything under the Vehicle Claim Invoices, and requests that this Court declare the contractual relationship (if any) and the terms of same between Blackline and Express related to the Vehicle Claim Invoices.

### COUNT TWO
**In the Alternative, declaration that Blackline does not owe and is not liable to Express under the Vehicle Claim Invoices addressed to KWT Water Services, LLC as the claimed repairs are ordinary wear and tear, not necessary, not provided, or overcharged**

7.03 Blackline hereby incorporates by reference all previous and subsequent paragraphs as if set forth in full.

7.04 To the extent that Blackline is a party to or obligated under the Vehicle Claim Invoices, and pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code Blackline requests this Court enter a declaration that each individual charge that Express claims is due under

the Vehicle Claim Invoices are wrongful as such charges are (i) for ordinary wear and tear of a truck operating in the oil field industry, (ii) for repairs that were not necessary, (iii) for repairs that did not occur, (iv) for damages that did not reduce the value of the respective truck by the amount that Express is seeking to charge, or (v) substantially more than the market price to repair or replace any alleged damage to the trucks.

## VIII
## CONDITIONS PRECEDENT

8.01    All conditions precedent to the relief sought herein have been performed or have occurred.

## IX.
## REQUEST FOR JURY TRIAL

9.01    Plaintiff prays that all issues of fact be submitted to a jury pursuant to Rule 216 of the Texas Rules of Civil Procedure.

## **CONCLUSION AND PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that Plaintiff be grated judgment against Defendant to which it may be entitled, including but not limited to:

1.  A declaration that Blackline is not liable to and does not owe Express any money or funds related to or derived from the Vehicle Claim Invoices;

2.  In the alternative, a declaration that each individual charge that Express claims is due under the Vehicle Claim Invoices are wrongful as such charges are (i) for ordinary wear and tear of a truck operating in the oil field industry, (ii) for repairs that were not necessary, (iii) for repairs that did not occur, (iv) for damages that did not reduce the value of the respective truck by the amount that Express is seeking to charge, or (v) substantially more than the market price to repair or replace any alleged damage to the trucks; and

3.  for such other relief to which Plaintiff is justly entitled.

Respectfully submitted,

BY: /s/    H. Brandon Jones
    H. Brandon Jones
    State Bar No.
    Brandon@BondsEllis.com
    BONDS ELLIS EPPICH SCHAFER JONES LLP
    420 Throckmorton Street, Suite 1000
    Fort Worth, Texas 76102
    Phone: 817-405-6900
    Fax:    817-405-6902

**ATTORNEY FOR BLACKLINE ENERGY SERVICES LLC**